IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
QUINCY JEVON HUNT,            )
                              )
            Petitioner,       )
                              )
      v.                      )      1:11CV514
                              )
JOSEPH B. HALL,               )
                              )
            Respondent.       )
```

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On September 30, 2005, after a jury found him guilty in the Superior Court of Durham County of three counts of assault with a deadly weapon with intent to kill (with offense date(s) of June 26, 2004), two counts of assault with a deadly weapon with intent to kill (with offense date(s) of June 25, 2004), and one count of possession of a firearm by a felon (with an offense date of May 25, 2004) in cases 04CRS051193, 04CRS51196, and 04CRS051201, respectively, Petitioner received five consecutive terms of forty-six to sixty-five months of imprisonment for the assault convictions and a consecutive twenty to twenty-four months of imprisonment for the firearm conviction. (Docket Entry 5, Ex. 1.) Petitioner pursued a direct appeal to the North Carolina Court of Appeals, which affirmed. State v. Hunt, No. COA 06-525, 182 N.C. App. 348 (table), 641 S.E.2d 866 (table), 2007 WL 817419 (Mar. 20,

2007) (unpublished). The North Carolina Supreme Court thereafter dismissed Petitioner's notice of appeal and denied discretionary review. State v. Hunt, 362 N.C. 240, 660 S.E.2d 491 (2008). Petitioner did not seek certiorari from the United States Supreme Court. (Docket Entry 1, § 9.)

Petitioner made no further filings in his case until, on April 13, 2011, he filed a "Petition for Plain Error Review" with the North Carolina Supreme Court, which that court dismissed on June 15, 2011. (Docket Entry 5, Ex. 4.) Petitioner dated his instant Petition to this Court as being signed and mailed on June 27, 2011. (Docket Entry 1 at 14.)[1] The Court received it on June 29, 2011. (Id. at 1.) Respondent has now moved for dismissal of the instant Petition as untimely (Docket Entry 4) and Petitioner has responded (Docket Entries 7, 8).

**Petitioner's Claim**

Petitioner raises only a single claim for relief in his Petition, i.e., that he was denied effective assistance of counsel on appeal because his appellate attorney did not pursue arguments that the prosecutor failed to prove an intent to kill and that the possession of a firearm charge violated the prohibition against double jeopardy. (Docket Entry 1, § 12.)

---

[1] Page citations to this document refer to the page numbers in the CM/ECF footer, not the pre-printed pagination within the document.

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[2] "In [<u>Houston v. Lack</u>, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." <u>Id.</u> at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. <u>Cf.</u> <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); <u>but see</u> <u>Smith v. Woodard</u>, 57 F. App'x. 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 F. App'x. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

>     made retroactively applicable to cases on collateral
>     review; or
>
>     (D) the date on which the factual predicate of the claim
>     or claims presented could have been discovered through
>     the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

In the present case, the North Carolina Supreme Court dismissed Petitioner's notice of appeal and denied discretionary review on March 6, 2008. Petitioner then had 90 days to seek a writ of certiorari from the United States Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) (citing Sup. Ct. R. 13.1). Because Petitioner did not seek such review, his conviction became final on June 6, 2008, when his time for seeking certiorari expired. Clay v. United States, 537 U.S. 522, 527 (2003). Petitioner's time to file under subsection (A) then began to run and expired a year later without Petitioner having made any further filings in the state courts or this Court.

Petitioner did later file a "Petition for Plain Error Review" with the North Carolina Supreme Court. That document appears to represent an attempt at post-conviction relief in the state courts and such attempts do toll the running of the limitations period. 28 U.S.C. § 2244(d)(2). However, Petitioner did not file that document until April 13, 2011, nearly two years after his time to file a habeas action in this Court had already expired. Filings made after the limitation period has run do not restart or revive the time to file. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner makes two possible arguments in an attempt to avoid dismissal for untimeliness. First, in his Petition, he states that the statute of limitations does not bar his Petition because he has "showed cause and prejudice." (Docket Entry 1, § 18.) This statement is entirely unsupported and unexplained. (See id.) Further, it is irrelevant. Cause and prejudice analysis can play a part in determining whether or not a procedural bar applies to habeas claims, but does not affect the operation of the statute of limitations.

Second, in his response brief, Petitioner asserts that he did not learn of his claim until "on or about April 13, 2011." (Docket Entry 8 at 2.) He adds that he "understands tolling is available to him under [the] conditions described above." (Id.) Petitioner's statement in this regard is vague, but he may be arguing under § 2244(d)(1)(D) that his year to file did not begin until he discovered his claim in 2011.

-5-

If so, this contention fails, because the factual predicate of Petitioner's claim, i.e. that his appellate counsel had not pursued a challenge to the sufficiency of the evidence of intent to kill and/or a double jeopardy attack on the felon-firearm charge, existed at the time of his direct appeal and he could have discovered it through reasonable diligence at any time thereafter. See, e.g., Felix v. Cate, No. CV11-7713-JHN(RNB), 2012 WL 2874398, at *4-5 (C.D. Cal. May 8, 2012) (unpublished) ("[T]o the extent [the] petitioner is alleging in Ground Four that his appellate counsel rendered ineffective assistance in failing to raise on direct appeal [various] claims . . ., [the] petitioner was aware of the factual predicate of those ineffective assistance of appellate counsel claims at the time of filing of his opening brief on appeal . . . . The Court therefore rejects [the] petitioner's contention that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(D) . . . ."), recommendation adopted, 2012 WL 2873891 (C.D. Cal. July 13, 2012) (unpublished); O'Neill v. Director, Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *5 (E.D. Va. Aug. 9, 2011) (unpublished) ("[The petitioner contends that appellate counsel performed deficiently. Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance. See Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). . . . [T]o the extent that [the petitioner] desired to know the content

of any brief, proceeding, or decision with respect to his direct appeal, he simply had to contact the pertinent appellate courts." (internal footnote omitted)), appeal dismissed, 420 F. App'x 200 (4th Cir. 2012), cert. denied, ___ U.S. ___, 2012 WL 2814155 (2012); Grijalva v. Marshall, No. 1:07CV01665, 2008 WL 4826130, at *3 (E.D. Cal. Nov. 6, 2008) (unpublished) (ruling that, for purposes of Section 2244(d)(1(D), the petitioner "knew of [his] appellate counsel's failure to raise the claim on appeal at the time of filing [of the appeal] in 2003 or, at a minimum, when the state appellate court issued its opinion on July 27, 2004"), recommendation adopted, 2009 WL 394303 (E.D. Cal. Feb. 17, 2009) (unpublished); Basalo v. Cockrell, No. 3:02CV0596H, 2003 WL 21653864, at *3 (N.D. Tex. July 11, 2003) (unpublished) ("With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final . . . . [A]t or near the date of his appeal, [the petitioner] would have known the factual basis for his claim that his appellate attorney rendered ineffective assistance by . . . failing to raise issues on appeal . . . ."), recommendation adopted, 2003 WL 21961502 (N.D. Tex. Aug. 1, 2003) (unpublished).

Petitioner may also be seeking equitable tolling, which the Supreme Court has ruled generally applicable to the one-year limitation period for federal habeas filings, see Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply

-7-

when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has made absolutely no allegations that would support equitable tolling under Holland. In the end, his Petition is time-barred and will be dismissed.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss on Statute of Limitation and/or Grounds of Non-Exhaustion, Before Requiring a Full Answer and Response to the Merits of Petitioner' Claims (Docket Entry 4) is granted, that the Petition (Docket Entry 1) is denied, and that this action be, and the same hereby is, dismissed.

 /s/ L. Patrick Auld
 **L. Patrick Auld**
 **United States Magistrate Judge**

**October 9, 2012**